**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAURIE PERLA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE, and HAZLET POSTAL CORP.,<br><br>Defendants. | |
| HAZLET POSTAL CORP.,<br><br>Cross-Claim Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE,<br><br>Cross-Claim Defendants. | Civil Action No. 22-5492 (RK) (RLS)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon a Motion filed by the United States and the United States Postal Service (together, the "Federal Defendants"), seeking summary judgment on Plaintiff's claim and seeking dismissal of co-Defendant Hazlet Postal Corp.'s ("Hazlet Postal") cross-claims pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 13.) Hazlet Postal filed a brief opposing the Motion for Summary Judgment, (ECF No. 16), and the Federal Defendants filed a brief in reply, (ECF No. 17). Plaintiff, who is represented by counsel in this matter, has not opposed the Motion. The Court has considered the parties' submissions and

resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Federal Defendants' Motion for Summary Judgment on Plaintiff's claim is **GRANTED** and the Motion to Dismiss Hazlet Postal's cross-claims is **GRANTED**.

## I. BACKGROUND

This is a slip-and-fall matter that arose when Plaintiff allegedly tripped on a pothole covered by leaves in the parking lot of a United States post office branch in Hazlet, New Jersey. The United States Postal Service ("USPS") operated the branch, (Complaint ("Compl."), ECF No. 1 ¶ 6; Federal Defendants' Answer, ECF No. 9 ¶ 6), on property owned by Hazlet Postal. (Compl. ¶ 8; Hazlet's Answer ("Hazlet Answer"), ECF No. 5 ¶ 8.)

### A. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on November 10, 2020, she was visiting the USPS Hazlet branch and parked her vehicle in its parking lot. (Compl. ¶ 11.) While walking across the lot, Plaintiff tripped and fell on a "hidden defect," specifically "a pothole that had been covered by fallen leaves and other rubbish/debris." (*Id.* ¶ 12.) The fall resulted in serious injuries to Plaintiff, including bone fractures and ligament tears to her feet and legs as well as "an aggravation of a prior lumbar fusion surgery." (*Id.* ¶¶ 13–14.) Plaintiff filed her federal personal injury lawsuit on September 12, 2022, alleging one count of negligence against the United States, the USPS, and Hazlet Postal. (*Id.* ¶¶ 15–21.) Hazlet Postal and the Federal Defendants filed separate answers. In its Answer, Hazlet Postal additionally brought two cross-claims against the Federal Defendants for contribution and indemnification. (Hazlet Answer at 9–10.) On February 21, 2023, the Federal Defendants filed the pending Motion. ("U.S. Br.", ECF No. 13-2.)[1]

---

[1] In support of its Motion for Summary Judgment, the Federal Defendants filed a Statement of Facts ("U.S. SoF"), (ECF No. 13-1); a declaration from Kimberly A. Herbst, the Manager, Tort Program and

### B. ADMINISTRATIVE CLAIM TO THE USPS

The Federal Defendants seek summary judgment on Plaintiffs' claim, contending that it is barred by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.* because it was not timely filed within six months of the USPS denying Plaintiff's claim. (*Id.* 6–10.) The USPS received Plaintiff's filled-out Standard Form 95, which made an administrative tort claim for her alleged injuries sustained on November 10, 2020. (U.S. SoF ¶ 1; Ex. A to Herbst Decl. at 3–4.) On August 6, 2021, at the USPS's instruction, Plaintiff's counsel submitted a nearly identical Standard Form 95 for Plaintiff that was signed by Plaintiff rather than her counsel. (U.S. SoF ¶¶ 2–4; Herbst Decl. ¶¶ 3–4; Ex. B to Herbst Decl. at 5–7.) On December 20, 2021, the USPS denied Plaintiff's administrative claim because Plaintiff "fell on property not owned by the [USPS] and it was landlord's obligation to repair." (Ex. C to Herbst Decl. at 8–11.) The denial letter stated that if Plaintiff disagreed with the USPS's decision, she could "file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action." (*Id.* (emphasis in original).)

### C. CROSS-CLAIMS AGAINST THE FEDERAL DEFENDANTS

The Federal Defendants also seek dismissal of Hazlet Postal's cross-claims against it pursuant to Rule 12(b)(1), arguing that the Court lacks subject-matter jurisdiction because Hazlet Postal's cross-claims are subject to the Contract Disputes Act ("CDA"), 41 U.S.C. § 7101, *et seq.*, and premature. (U.S. Br. at 10–17.) Hazlet Postal alleged two cross-claims against the Federal Defendants seeking contribution and indemnification. (Hazlet Answer at 9–10.) Hazlet Postal alleges that to the extent there is "any willful misconduct, fault or negligence," it belongs to the

---

Adjudication with the USPS's National Tort Center ("Herbst Decl."), (ECF No. 13-3); and a declaration from Paul S. Frye, the Contracting Officer with the USPS ("Frye Decl."), (ECF No. 13-4).

Federal Defendants and that "[b]y reason of the contractual and/or legal relationship between [Hazlet Postal] and [the Federal Defendants], said co-defendants are obligated to defend, indemnify and save harmless [Hazlet Postal] with respect to the matters alleged in the Complaint." (*Id.*) In support of their Motion, the Federal Defendants provided a copy of the lease for the property on which the Hazlet post office branch was located, entered between the USPS and Hazlet Postal that was in effect on the date of the incident (the "Lease"). (*See* Ex. A to Frye Decl., ECF No. 13-4.) The Lease states that it "is subject to the Contract Disputes Act of 1978," and further that "[e]xcept as provided in the Act, all disputes arising under or relating to this contract must be resolved under this clause." (*Id.* § 8(a)–(b).)

### D. Procedural History

The Federal Defendants filed the pending Motion on February 21, 2023. (ECF No. 13.) Hazlet Postal opposed the Motion on March 20, 2023, ("Hazlet Br.", ECF No. 16), and the Federal Defendants filed their reply brief on March 27, 2023, (ECF No. 17). Plaintiff, whose counsel filed the operative Complaint and is registered to receive ECF notifications in this matter, has not opposed the Motion. On May 15, 2023, the matter was transferred to the undersigned. (ECF No. 18.)

## II. LEGAL STANDARD

### A. Motion for Summary Judgment

Federal Rule of Civil Procedure 56 provides that the Court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must "view[] the facts in the light most favorable to the party against whom summary judgment was entered." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S.

317, 322–23 (1986)). A "material fact" is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment has the initial burden of establishing its right to summary judgment. *See Celotex Corp.*, 477 U.S. at 323. A movant may show that a material fact is not genuinely disputed by either "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B); *see also Celotex Corp.*, 477 U.S. at 322–23 ("[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case."). Once the movant meets its threshold burden under Rule 56, the non-moving party must present evidence to establish a genuine issue as to a material fact. *See Anderson*, 477 U.S. at 248.

**B. MOTION TO DISMISS**

Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. "The burden of demonstrating that a case falls within the jurisdiction of the federal court rests upon the party asserting jurisdiction." *In re Cmty. Bank of N. Virginia Mortg. Lending Pracs. Litig.*, 911 F.3d 666, 670–71 (3d Cir. 2018) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A movant may challenge the Court's subject matter jurisdiction either through a facial or factual attack on the complaint. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). "A facial attack 'concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites.'" *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015)

(citing *CNA*, 535 F.3d at 139). On a factual attack, the court may consider evidence "outside the pleadings," *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014), including "affidavits, depositions, and testimony to evaluate 'factual issues bearing on jurisdiction.'" *Courts v. United States*, No. 15-7303, 2016 WL 4521687, at *3 (D.N.J. Aug. 29, 2016) (quoting *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 473 (D.N.J. 1999)). When a motion is "supported by a sworn statement of facts," it "must be construed as factual, rather than facial." *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982). In deciding a factual attack, the Court "must take care not to reach the merits of a case." *Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016) (internal citations omitted).

## III. DISCUSSION

### A. Motion for Summary Judgment on Plaintiff's Claim [2]

The United States is generally immune from suit, except where it has consented to a court's jurisdiction over it. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, *et seq.*, operates as a "limited waiver of sovereign immunity" under certain circumstances for the negligent acts or omissions of federal employees. *See United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA provides that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

[2] Plaintiff failed to respond to the Federal Defendants' Motion for Summary Judgment despite the fact that she is represented by counsel and has had over nine (9) months to file an opposition. Therefore, treating the summary judgment as unopposed and dismissing her claims without addressing the merits would be appropriate. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1992) (explaining that if a party represented by counsel fails to oppose a motion, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis). However, the Court will briefly address the merits of the Motion.

28 U.S.C. § 2401(b). The United States's consent to suit under limited circumstances "must be construed strictly in favor of the sovereign, and not enlarged beyond what the language requires." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992) (citations omitted) (cleaned up). This includes a statutorily-prescribed "statute of limitations requiring that a suit against the Government be brought within a certain time period." *United States v. Dalm*, 494 U.S. 596, 608 (1990).

Here, Plaintiff filed her federal suit more than six months after receiving a notice via certified mail from the USPS that her administrative claim had been denied. By letter dated December 20, 2021 and sent via certified mail, the USPS denied Plaintiff's administrative claim and informed her that she must file suit challenging the decision within six months of the date of the letter. (Ex. C to Herbst Decl. at 8–11.) Plaintiff's federal suit was not filed until September 12, 2022—over nine (9) months after the date the letter was mailed to Plaintiff. This fails to comply with the FTCA's filing requirements, and thus the United States has not consented to this Court's jurisdiction over Plaintiff's claims. *See also Sconiers v. United States*, 896 F.3d 595, 599 (3d Cir. 2018) (affirming district court's grant of summary judgment because tort plaintiff did not bring suit against the USPS within the six-month period required by section 2401(b)).

Therefore, the Federal Defendants have met their burden to show their entitlement to summary judgment on Plaintiff's claim, and their Motion is granted.[3]

### B. Motion to Dismiss Hazlet Postal's Cross-Claims

The Federal Defendants seek dismissal of Hazlet Postal's cross-claims on two grounds. First, the Federal Defendants argue that the cross-claims are governed by the CDA, which vests

---

[3] The Federal Defendants also move for summary judgment on the claim against the USPS because only the United States, and not the USPS, is the proper party to the suit. (U.S. Br. at 10.) Indeed, "the United States is the only proper party in a lawsuit brought under the FTCA." *Sanders v. United States*, No. 14-7157, 2015 WL 248439, at *3 (D.N.J. Jan. 20, 2015). Therefore, summary judgment is granted on the claims against the USPS for this additional reason.

jurisdiction to hear contract claims against the United States only in certain courts. (U.S. Br. at 11–15.) Alternatively, the Federal Defendants contend that a party's claim for contribution or indemnification does not accrue—and therefore cannot be brought—until the party has been found liable for the underlying tort, which has not happened here. (*Id.* at 15–17.) The Court addresses each argument in turn.

**1. Jurisdiction**

The CDA "established a comprehensive framework for resolving contract disputes between executive branch agencies and government contractors." *Anselma Crossing, L.P. v. U.S. Postal Serv.*, 637 F.3d 238, 240 (3d Cir. 2011) (citing *Menominee Indian Tribe v. United States*, 614 F.3d 519, 521 (D.C. Cir. 2010)). The CDA "applies to any express or implied contract entered into by an executive agency for the procurement of property, services, construction, repair, or the disposal of personal property." *Id.* (citing 41 U.S.C. § 7102(a)). The statute sets out procedural and jurisdictional limitations, requiring that a claim be presented first to a "designated contracting officer" and then appealed either to the Postal Board of Contract Appeals or the United States Court of Federal Claims." *Id.* (citing 41 U.S.C. §§ 7103–7105). The CDA's purpose is to "limit[] review of the merits of government contract disputes to certain forums, both to limit the waiver of sovereign immunity and to submit government contract issues to forums that have specialized knowledge and experience." *Id.* at 240–41 (citations omitted).

Hazlet Postal does not contest that the CDA strips this Court of jurisdiction over contract claims against the USPS, but rather contends that its cross-claims are not contractual counts covered by the CDA. The Lease between the USPS and Hazlet Postal states that it "is subject to the [CDA]" and that "[e]xcept as provided in the [CDA], all disputes arising under or relating to this contract must be resolved under this clause." (Ex. A to Frye Decl., ECF No. 13-4 § 8(a)–(b).)

Hazlet Postal argues that its cross-claims are tort claims that do not arise under or relate to the Lease. (Hazlet Br. at 6–7.) Hazlet Postal argues that the underlying action is "primarily a tort action" and that any contractual aspect of its cross-claims against the United States are "ancillary" to the negligence claims. (*Id.*)

The Court agrees with the Federal Defendants that Hazlet Postal's cross-claims against the Federal Defendants are primarily contractual claims governed by the parties' Lease. Starting with the indemnification claim, Hazlet Postal's Answer explicitly invokes the USPS's contractual obligations to it as a basis for its cross-claim. (*See* Hazlet Answer at 10 ("By reason of the *contractual* and/or legal relationship between defendant [Hazlet Postal] and [the Federal Defendants], said co-defendants are obligated to defend, indemnify and save harmless [Hazlet Postal] . . . ." (emphasis added)).). Even as it attempts to characterize the Lease as "ancillary" to its indemnification claim, Hazlet Postal acknowledges that both its indemnification and contribution cross-claims turn on the Lease's language. Hazlet Postal's opposition brief extensively quotes from the Lease, arguing that the Lease gave the Federal Defendants "daily duties and or [sic] responsibilities" involving the property, including over maintenance, cleaning, and notifying Hazlet Postal of needed repairs. (Hazlet Br. at 2–3; *see also id.* at 7 (arguing that the Federal Defendants' liability stems from their "actions and/or failure to act to maintain the Property as noted in the Lease").) Further, for Hazlet Postal to prove that the Federal Defendant were contributorily negligent, it will need to establish that the Federal Defendants owed a duty of care, which Hazlet Postal argues arises from the Lease. *See Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015). Therefore, both of Hazlet Postal's crossclaims will at the very least "relat[e] to," if not "aris[e] under," the Lease. (Ex. A to Frye Decl., ECF No. 13-4 § 8(b).)

Other courts to have reached the same result presented with similar questions. In *Deshields v. Chuong*, the plaintiff filed a personal injury action against the defendant property owners, who in turn filed a third-party complaint against the USPS (defendants' lessees seeking indemnification and alleging tort and contract claims. No. 96-3402, 1996 WL 397473, at *1 (E.D. Pa. July 5, 1996). The lease agreement provided that it was "subject to the [CDA]" and that "[e]xcept as provided in the [CDA], all disputes arising under or relating to this contract must be resolved under this clause." *Id.* The Court granted the USPS's motion to dismiss for lack of subject-matter jurisdiction, holding that that the unambiguous language of the lease agreement required the third-party claims to be brought pursuant to the CDA. *Id.* In reaching this result, the Court assumed, without explicitly deciding, that even though the cross-claims sounded in both contract and tort, they were governed by the CDA. *Id.* Other courts, both within this Circuit and without, have reached similar conclusion. *See, e.g.*, *Muse v. VA Hosp.*, No. 18-301, 2018 WL 6599470, at *6 (W.D. Pa. Dec. 17, 2018) (holding that co-defendants' contribution and indemnity cross-claims against the federal government defendants were governed by the CDA because it was mandated by the language in the parties' procurement contract); *Harper v. United States Postal Serv.*, No. 17-12, 2018 WL 2326623, at *3 (N.D.W. Va. May 22, 2018) (denying defendant landlord's motion to amend answer to include claims against its lessee the USPS for indemnification and contribution because the language in the parties lease agreement required application of the CDA); *Cohen v. Postal Holdings, LLC*, No. 14-800, 2015 WL 225051, at *2 (D. Conn. Jan. 15, 2015) (granting USPS's motion to dismiss a third-party indemnification claim based on the USPS's lease agreement with the defendant, because the third-party claims were subject to the CDA).

Hazlet Postal makes several additional arguments in support of the Court's jurisdiction. First, it states in passing that the Federal Defendants are "indispensable parties" under Federal

Rule of Civil Procedure 19. (Hazlet Br. at 5, 7.) However, Rule 19 does not serve as an independent basis of the Court's jurisdiction over a party. *See* Fed. R. Civ. P. 19(a) advisory committee's note to 1937 adoption ("The joinder provisions of this rule are subject to Rule 82 . . . ."); Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."). Second, Hazlet Postal cites 28 U.S.C. § 1346(a)(2) for the proposition that the Court can exercise concurrent jurisdiction with the Court of Federal Claims over the cross-claims. (Hazlet Br. at 5.) Section 1346(a)(2) is inapplicable by its plain language, as it expressly waives immunity for those claims not sounding in tort and that are not subject to certain provisions of the CDA. 28 U.S.C. § 1346(a)(2). Because Hazlet Postal's cross-claims are covered by the CDA, they are exempted from this provision's concurrent jurisdiction. *See Falivene v. United States Postal Serv.*, No. 18-14425, 2019 WL 1569817, at *3 n.2 (D.N.J. Apr. 11, 2019).

**2. Ripeness**

The New Jersey Joint Tortfeasors Contribution Act, which the parties evidently agree would apply to Hazlet Postal's contribution cross-claim, states in relevant part:

> Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share

N.J. Stat. Ann. § 2A:53A-3. "[A] cause of action for contribution does not arise until the party seeking contribution has paid, or had a judgment rendered against him or her for, more than his or her fair share of a common liability." *Berger v. Weinstein*, 348 F. App'x 751, 755–56 (3d Cir. 2009) (citing *Sea–Land Service, Inc. v. United States*, 874 F.2d 169, 171 (3d Cir. 1989)); *see also*

*State Nat. Ins. Co. v. Cnty. of Camden*, No. 08-5128, 2009 WL 3335870, at *3 (D.N.J. Oct. 13, 2009) (noting that the "right of contribution is inchoate until a judgment is entered against one tortfeasor" (citing *McGlone v. Corbi*, 279 A.2d 812, 817 (N.J. 1971))).

Here, no judgment has been entered against Hazlet Postal, let alone has Hazlet Postal made any payments in satisfaction of a judgment. Therefore, its claims for indemnity and contribution are premature and must be dismissed. *See Blackman & Co. v. GE Bus. Fin. Servs., Inc.*, No. 15-7274, 2016 WL 1702043, at *5 (D.N.J. Apr. 28, 2016) (dismissing plaintiff's claims for indemnification and contribution because those claims "present a completely separate set of legal and factual issues that will not even be ripe if and until [the plaintiff's] primary liabilities are established").

Hazlet Postal counters by citing Federal Rule of Civil Procedure 42, which permits the Court to consolidate actions "involv[ing] a common question of law or fact." Fed. R. Civ. P. 42(a). (Hazlet Br. at 9.) However, this Rule permits the consolidation of independent actions, not the maintenance of unripe claims. Hazlet Postal offers no authority to suggest that this Rule permits the Court to sidestep the blackletter law supporting a finding that its cross-claims are premature. Likewise, Hazlet Postal's claims that judicial efficiency is served by permitting its unripe cross-claims to proceed, (Hazlet Br. at 9), cannot overcome plain statutory language and settled legal principles. *See Goodrich v. Burlington N. R. Co.*, 701 F.2d 129, 130 (10th Cir. 1983) (dismissing claims against the federal government for lack of subject matter jurisdiction even though "dismissal . . . will require [the third-party plaintiffs] to maintain a subsequent second suit in federal court for indemnification if they are found liable in the state court proceeding" because the court cannot "expand federal jurisdiction in the name of judicial economy").

Therefore, the Court concludes that it lacks subject-matter jurisdiction over Hazlet Postal's cross-claims against the Federal Defendants, and that the indemnification and contribution claims are in any event unripe. The Federal Defendants' Motion to Dismiss is granted.

## IV. CONCLUSION

For the reasons set forth above, the Federal Defendants' Motion for Summary Judgment on Plaintiffs' claim against them is **GRANTED**. Further, the Federal Defendants' Motion to Dismiss Hazlet Postal's cross-claims against them are **GRANTED** and the cross-claims against the Federal Defendants are **DISMISSED**. An appropriate Order accompanies this Memorandum Opinion.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: November 28, 2023